UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ADL EL-SHABAZZ,
a/k/a A.C. FORD,

      Petitioner,

v.

JOAN FABIAN,
Commissioner of Corrections,

      Respondent.

Civil File No. 06-523 (DSD/AJB)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1993, Petitioner was convicted of first degree murder in the state district court for Hennepin County, Minnesota.  He was sentenced to life in prison, and he is currently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)  Petitioner's present habeas corpus petition challenges the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

validity of his 1993 murder conviction and sentence.

Petitioner filed an earlier habeas corpus petition in this District challenging the same conviction and sentence at issue here.  See El-Shabazz v. Bruton, Civil No. 00-1451 (DSD/JGL) (hereafter "El-Shabazz I").  Petitioner's prior habeas action was found to be time-barred under the one-year statute of limitations that applies to § 2254 habeas corpus petitions, (28 U.S.C. § 2244(d)(1)), and the case was therefore dismissed with prejudice, by order of District Court Judge David S. Doty.  (El-Shabazz I, Order dated August 24, 2000; [Docket No. 11].)  Petitioner did not seek appellate review of the order that dismissed El-Shabazz I.

Because Petitioner's current habeas corpus petition challenges the same conviction and sentence that were before Judge Doty in El-Shabazz I, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2]  Under that rule, a district court cannot entertain a second or

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second

---

by the Supreme Court, that was previously unavailable;  or
**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

application for federal habeas corpus review of his 1993 state criminal conviction and sentence. Because the first such application, (El-Shabazz I), was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). As such, the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[3] Petitioner should carefully note, however, that this District Court will not entertain any future habeas petition pertaining to his 1993 state criminal conviction and sentence, unless such petition is

---

[3] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.[4]

Finally, it will be recommended that Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be denied, because he has failed to state a habeas corpus claim on which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

and

3.  This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: February 10, 2006

                                              s/ Arthur J. Boylan
                                              ARTHUR J. BOYLAN
                                              United States Magistrate Judge

---

[4] Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.  Given the outcome of El-Shabazz I, (i.e., that Petitioner's habeas petition was found to be time-barred), it is difficult to imagine how Petitioner might overcome the statute of limitations, even if the Circuit Court excuses him from the rule barring successive petitions.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 24, 2006.